UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RICKY GREEN,

    Plaintiff,

v.

LIEUTENANT BILLY CUNNINGHAM and SAVANNAH CHATHAM METROPOLITAN POLICE DEPARTMENT,

    Defendants.

CV418-210

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Ricky Green, an inmate at Chatham County Sheriff's Complex, has submitted a 42 U.S.C. § 1983 Complaint alleging that he was subjected to excessive force during the course of an arrest and malicious prosecution after that arrest. *See* Doc. 1. The Court granted him leave to proceed IFP. Doc. 4. The Court now screens Green's case under 28 U.S.C. § 1915(e)(2)(B)(ii), which allows a district court to dismiss *sua sponte* an IFP plaintiff's claims for failure to state a claim before service of process. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and

1

dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief).

## I. BACKGROUND[1]

Green alleges that on November 20, 2016, he was leaving a bar when he was stopped by Lt. Cunningham of Savannah-Chatham Metropolitan Police Department ("SCMPD"). Doc. 1 at 5. Lt. Cunningham asked Green to walk to Lt. Cunningham's car to check for any outstanding warrants. *Id.* Lt. Cunningham then grabbed Green by his left wrist, tried to go up some stairs, and fell. *Id.* At that point, Green "threw [his] hands up in a surrendering gesture, got on [his] knees, then laid flat on [his] stomach with [his] arms stretched out." *Id.* Green felt a knee on his back and his neck was held down as he was placed in handcuffs. *Id.* Green repeatedly stated "I'm not resisting!" *Id.* After Green was placed in handcuffs, Lt. Cunningham then threw him face down on the front hood of a vehicle, and used restraints which caused pain in Green's wrist and shoulders. *Id* at 6. Lt. Cunningham

---

[1] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in plaintiff's Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

2

refused to allow Green to use the restroom and, instead, grabbed Green around the neck and choked him. *Id.* Green was taken to the hospital from the police station, where it was determined that his shoulders were sprained and he had marks around his neck and wrist. *Id.* Green also contends that Lt. Cunningham stated that he was charging Green with aggravated assault for pointing a gun at him. *Id.* Green claims that this charge was false and was later dropped. *Id.* Lt. Cunningham also told a hospital nurse—and wrote in his police report—that Green received his injuries from "falling." *Id.* at 6. Green seeks half a million dollars in damages, and injunctive relief including his immediate release, the charges against him thrown out, an investigation of Lt. Cunningham and his precinct, and for Green's family to be relocated from Savannah. *Id.* at 7.

## II. ANALYSIS

Liberally construed, Green's Complaint asserts an excessive force claim against Lt. Cunningham for his actions during the arrest. He also waves at a claim for either false arrest or malicious prosecution. Green's claims for Lt. Cunningham's false statements as well as his claims against the SCMPD are, however, dead on arrival.

## A. Excessive Force

To allege excessive force by an officer in the course of executing an arrest, a plaintiff must assert that the officer's conduct was objectively "unreasonable." *Graham v. Connor*, 490 U.S. 386, 395-97 (1989). Such a test looks not to the motivation of the particular officer but instead examines whether a reasonable officer would have taken the same action under the circumstances. *Id.* at 397. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (quotes and cites omitted).

> Because "[t]he test of reasonableness under the Fourth Amendment is not capable of a precise definition or mechanical application," . . . its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*Id.* (citations omitted). The Court examines "the fact pattern from the perspective of a reasonable officer on the scene with knowledge of the attendant circumstances and facts, and balance[es] the risk of bodily

4

harm to the suspect against the gravity of the threat the officer sought to eliminate." *McCullough v. Antolini*, 559 F.3d 1201, 1206 (11th Cir. 2009) (*citing Scott v. Harris*, 550 U.S. 372, 383 (2007)). "Although some amount of force is generally needed to subdue a suspect, the amount used must be reasonably proportionate to the need for force." *Smith v. LePage*, 834 F.3d 1285, 1294 (11th Cir. 2016); *see also Scott*, 550 U.S. at 383 (observing that in determining whether the Fourth Amendment was violated, "we must still slosh our way through the factbound morass of 'reasonableness.'"). Here, Green alleges that he was compliant, unresisting, and handcuffed but that Lt. Cunningham slammed him on the hood of a car and choked him anyway—to the point that he had to receive emergency care. That is enough, at this stage, to warrant a response.

### B. False Arrest and Malicious Prosecution

Green also waives at claims for false arrest or malicious prosecution. A claim for false arrest derives from the constitutional right to be free from "unreasonable searches and seizures." U.S. Const. Amend. IV. A warrantless arrest made without probable cause violates the Fourth Amendment and forms the basis of a § 1983 claim for

damages. *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996); *Max v. Gumbinner*, 905 F.2d 1503, 1505 (11th Cir. 1990); *Von Stein v. Bresher*, 904 F.2d. 572, 578 (11th Cir. 1990).² However, once legal process issues, a claim of false arrest or imprisonment is transformed into "the entirely distinct" tort of malicious prosecution. *Wallace v. Kato*, 549 U.S. 384, 389-90 (2009); *see also Whiting v. Taylor*, 85 F.3d 581, 585 & n. 5 (11th Cir. 1996) (unreasonable seizure claims are "most closely analogous" to malicious prosecution claims). The Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). Here, Green contends that he was detained for a crime he did not commit, and the charges dropped. *See Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004) (*citing Kesler*, 323 F.3d at 881-82) (the federal tort of malicious prosecution requires a plaintiff to show (1) a criminal prosecution instituted or continued by defendant; (2) with malice and without probable cause; (3)

---

² State tort law also furnishes a cause of action for wrongful arrest, false imprisonment, and malicious prosecution. *See* O.C.G.A. § 51-7-1 (right of action exists for "an arrest under process of law, when made maliciously"); O.C.G.A. § 51-7-20 (defining "false imprisonment" as "the unlawful detention of the person of another . . ."); O.C.G.A. § 51-7-40 (right of action exists for "[a] criminal prosecution which is carried on maliciously and without any probable cause . . .").

6

that terminated in plaintiff's favor; (4) caused damage to him; and (5) violated his Fourth Amendment right to be free from unreasonable seizures). Green is almost there, but he neither explains when or if legal process was instituted against him nor does he allege that he suffered any damages as a result of the charge for aggravated assault. However, the Court will grant him leave to amend his complaint to rectify these deficiencies.

C. **False Statements**

As to the remainder of Lt. Cunningham's "false statements," it is unclear what constitutional violation arose. Green does not allege that the statement that he injured himself while falling was used to support probable cause to arrest or to falsify the events in a report to manufacture charges, as would support a claim for false imprisonment or malicious prosecution. As to the police report, Plaintiff has not provided anything in his Complaint stating that the police report was used against him as the basis for a false criminal charge.[3] A false statement not causally connected to some discernible harm does not give rise to a constitutional

---

[3] To the extent Plaintiff believes that the statements in the police report were used against him as the basis for a false criminal charge, Plaintiff should provide that detail in his amended complaint. *See* section IIB *supra*.

claim. *See, e.g. Landrigan v. City of Warwick*, 628 F.2d 736, 745 (1st Cir. 1980) ("For purposes of recovering damages at least, we do not see how the existence of a false police report, sitting in a drawer in a police station, by itself deprives a person of a right secured by the Constitution and laws.").[4] As a result Plaintiff's claims based on the statements in the hospital and the police report should be dismissed.

### D. Savannah-Chatham Metropolitan Police Department

Green has made no direct allegations against Defendant Chatham County Metropolitan Police Department. *See* doc. 1. Even if he did, the police department is not an entity subject to suit under § 1983. *Lovelace v. DeKalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments are not considered legal entities subject to suit). To the extent Green believes that the police department is responsible as Lt.

---

4 While the Court cannot *ex ante* foreclose the possibility that some § 1983 claim could arise from a false statement made in a police report that resulted in no discernible injury, the Court also cannot create out of wholecloth a general right to have the truth told in a police report. "The focus" in § 1983 cases "should be on the consequences, if any, not on the mere existence of the report. . . . [T]he mere filing of the false police reports, by themselves and without more, d[oes] not create a right of action in damages under 42 U.S.C. § 1983." *Landrigan*, 628 F.2d at 745.

8

Cunningham's employer, he is advised that claims against local governments, government officials, or supervisors brought pursuant to § 1983 cannot be based upon theories of *respondeat superior* or vicarious liability. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). That is, a governmental entity cannot be held liable just because it employs a tortfeasor. Claims against SCMPD should, therefore, be **DISMISSED**.

### D. Relief

Finally, Green is not entitled to some of the forms of relief he seeks under § 1983. In addition to $500,000 in damages, he seeks to be released from jail, the charges against him thrown out, an investigation of the SCMPD precinct involved in his case, and relocation of his family. To the extent he challenges the fact or duration of his detention, he advances no cognizable § 1983 claim but is instead asserting a federal habeas claim. *Preiser v. Rodriguez*, 411 U.S. 475, 499 n. 14 (1973) (to the extent a prisoner attacks the legality of his custody or is seeking release from custody, "his sole federal remedy is a writ of habeas corpus"). "[A] prisoner in state custody cannot use a § 1983 action to

challenge 'the fact or duration of his confinement.' . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (*quoting Preiser*, 411 U.S. at 489); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *see also Maps v. Miami Dade State Attorney*, 693 F. App'x 784, 786 (11th Cir. 2017) (holding that injunctive relief not available via a suit under § 1983 when prisoner is challenging the fact or duration of his confinement). Hence, Green's requests to be released and for the charges against him to be dropped are non-cognizable under § 1983. Likewise, Green's requests to investigate Lt. Cunningham and the precinct near Green's home are not appropriate in this action. *See Lee v. Tillman*, 2006 WL 4715127, * 3 (S.D. Ala. Sept. 22, 2005) ("Plaintiff's requests to reprimand, remove, replace, and investigate are not appropriate requests in this § 1983 action."); *see also Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 381-83 (2d Cir. 1973) (affirming dismissal of complaint seeking investigation and prosecution of officials who allegedly violated federal and state criminal statutes). Finally, Green has not cited a case, nor has this Court located case law, authorizing this Court to relocate his family. As a result, the Court will

construe this request for relief as one for compensatory damages for the cost of relocation. Accordingly, to the extent that Green seeks relief that is not available, his claims should be **DISMISSED in part**.

## III. CONCLUSION

Accordingly, Green's claim for excessive force is approved for service, and the Clerk is **DIRECTED** to forward a copy of this order, along with Green's Complaint, to the Marshal for service. The Court **DIRECTS** Green to file an amended Complaint within 30 days from the date this Order is served setting forth his detailed allegations supporting his false arrest and/or malicious prosecution claim or face a recommendation of dismissal. Finally, the Court **RECOMMENDS** the dismissal of Green's claims against Lt. Cunningham based on false statements, all of Green's claims against the SCMPD as it is an improper party, and all of his claims to the extent that they seek relief that is not available under § 1983.

Meanwhile, it is time for Green to pay his filing fee. His PLRA paperwork reflects $43.20 in average monthly deposits and $33.54 in average monthly balances. Doc. 6 at 1. He therefore owes an $8.64 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee

assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350 filing fee has been paid in full.

The Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to Green's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to Plaintiff's new custodian. The balance due from Plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this R&R.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and

Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED and REPORTED AND RECOMMENDED,** this 3rd day of ~~November~~ December, 2018.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA